IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAX LEROY REED, JR., and ELIZABETH REED, individually and on behalf of all similarly situated individuals | * * * * |
| Plaintiff, | * * |
| vs. | * Case No. 11-412 |
| CHASE HOME FINANCE, LLC, | * * |
| Defendant. | * * |

## COMPLAINT

**NOW COME** Plaintiffs, Max and Elizabeth Reed, individually and on behalf of all similarly situated individuals, and as their Complaint against the Defendant Chase Home Finance, LLC., avers as follows:

### INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiffs' mortgage loan as required by 15 U.S.C. § 1641(g).

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

### THE PARTIES

3.     Plaintiffs are adult residents of Baldwin County, Alabama.

4.     Defendant Chase Home Finance, LLC (hereinafter referred to as "Chase"), is a Delaware corporation with its principal place of business in New Jersey which, at all times relevant thereto, did business in Baldwin County, Alabama.

## FACTUAL ALLEGATIONS

5.     On November 13, 2006, Plaintiffs executed a real estate mortgage with Pensacola Guarantee Mortgage in the amount of $377,000. Servicing of the loan was transferred to Chase.

6.     On September 7, 2010, ownership interest in the Plaintiff's mortgage and note was assigned to Chase. A written Assignment identifying Chase as the assignee was executed on November 7, 2010, and recorded in the probate office of Baldwin County, Alabama on or about September 14, 2010. (See Assignment attached hereto as Exhibit "A")

7.     The mortgage loan at issue was secured by the Plaintiffs' principal residence.

8.     The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) **Notice of new creditor**
> (1) **In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;

2

> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.
>
> **(2) Definition**
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9. Chase failed to provide to Plaintiffs, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10. Plaintiffs reallege the allegations above as if fully set out herein.

11. With respect to Plaintiffs, Chase received by assignment a ownership interest in their mortgage and note.

12. Chase is a "creditor" as that term is used in 15 U.S.C. § 1641(g).

13. Said mortgage secures an interest in real estate which is used by Plaintiffs as their principal dwelling.

14. Upon receipt of that assignment Chase was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15. Chase failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

16. Plaintiffs reallege the allegations above as if fully set out herein.

17. These claims are brought on behalf of all residential mortgage borrowers who:

   A. From a time period beginning one year prior to the date of the filing of this complaint to the present;

   B. Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

   C. An interest in their mortgage loan was sold or otherwise transferred or assigned to Chase; and

   D. Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

18. The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

19. The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

20. The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. Upon information and belief, the class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21. The representative Plaintiffs' claims are typical of, if not identical to, the claims of the class.

22. The representative Plaintiffs will fairly and adequately represent the members of the class and has no interests which are antagonistic to the claims of the Class.

23. The representative Plaintiffs have retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in numerous complex class actions.

24. Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

25. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

28. The substantive claims of the representative Plaintiffs and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiffs for themselves and on behalf of the class of borrowers described above, demand judgment against Defendant Chase and the following relief:

A)  An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B)  An order appointing Plaintiffs as representative of the class;

C)  An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D)  An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E)  For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

G)  An award of reasonable attorney's fees as provided by law and statute;

H)  An award of costs and expenses incurred in this action; and

I)  An award for such other relief as the court may deem just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

_____
KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiffs

**OF COUNSEL**
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile

6

kjr@alaconsumerlaw.com
epunderwood@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Chase Home Finance, LLC
c/o CT Corporation System
2 North Jackson St., Stuie 605
Montgomery, AL  36104

7

Sirote #: 183301

BALDWIN COUNTY, ALABAMA
TIM RUSSELL PROBATE JUDGE
Filed/cert. 9/14/2010 8:25 AM
TOTAL    $   25.00
5 Pages

12506634

STATE OF ALABAMA )

COUNTY OF BALDWIN )

### ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto CHASE HOME FINANCE, LLC (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by MAX LEROY REED, JR. AND ELIZABETH T. REED, HUSBAND AND WIFE, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR PENSACOLA GUARANTEE MORTGAGE dated the 13th day of November 2006, and filed for record in Instrument Number 1015807, in the Probate Office of Baldwin County, Alabama.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. has caused this conveyance to be executed by Colleen McCullough, as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., pursuant to that certain Agreement for signing attached hereto as Exhibit A and fully incorporated herein. This Assignment executed on this the ___ day of September, 2010.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Colleen McCullough
Assistant Secretary and Vice President of
Mortgage Electronic Registration Systems, Inc.

STATE OF ALABAMA )

COUNTY OF JEFFERSON )

I, _____, a Notary Public in and for said County in said State, hereby certify that Colleen McCullough, whose name as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she, as such officer, and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the ___ day of September, 2010.

_____
Notary Public

My Commission Expires: MY COMMISSION EXPIRES JUNE 15, 2014

This instrument prepared by:
Colleen McCullough
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255




## AGREEMENT FOR SIGNING AUTHORITY

<u>MERSCORP, INC.</u> ("MERS") and its subsidiary, <u>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.</u>, CHASE HOME FINANCE, LLC ("MEMBER") and SIROTE & PERMUTT, P.C. ("VENDOR") hereby agree as follows:

1. The purpose of this agreement for signing authority (the "Agreement") is to define the rights and obligations of the parties when Vendor performs certain duties, as described in the attached corporate resolution (the "Resolution"), relating to mortgage loans that are registered on the MERS® System and shown on the MERS® System to be serviced by Member.

2. CHASE HOME FINANCE, LLC is a member of MERS, and has signed an agreement of membership that is incorporated herein by reference. Member has entered into a separate contract with Vender to perform certain services for Member. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust, respectively, and any other form of security instrument under applicable state law.

3. The parties acknowledge that Mortgage Electronic Registration Systems, Inc. may be the mortgagee of record on Member's mortgages. Therefore, in order for Vender to perform its <u>contractual duties to Member, MERS, by corporate resolution, will grant employees of</u> Vender the limited authority to act on behalf of MERS to perform certain duties. Such authority is set forth in the Resolution, which is made a part of this Agreement.

4. The parties agree that Member will provide all necessary information and instructions to Vender to perform certain duties where Mortgage Electronic Registration Systems, Inc. acts as the mortgagee of record. All parties agree that MERS and Mortgage Electronic Registration Systems, Inc. are not responsible for the accuracy of any information provided by Member to Vender, or any information entered into the MERS® System by or on behalf of Member. Any problems regarding the information or instructions between Member and Vender must be resolved between those two parties.

5. Member and Vender agree to indemnify and hold harmless MERS, Mortgage Electronic Registration Systems, Inc. and any employee, director, officer, agent or affiliate of MERS or Mortgage Electronic Registration Systems, Inc. ("MERS Party") from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses that result from the negligence, errors and omissions, breach of confidentiality or willful misconduct of Vender in performing certain duties where Mortgage Electronic Registration Systems, Inc. is the mortgagee of record.

6. Vender shall maintain appropriate insurance coverage that shall include coverage for any negligence, errors and omissions or willful misconduct of all employees authorized to sign as officers of Mortgage Electronic Registration Systems, Inc.

7. Upon termination of the contract between Member and Vender, this agreement shall concurrently terminate and the corporate resolution shall be revoked at such time.

8. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

The parties have executed this Agreement intending to be bound as of the dates indicated below.

| MERSCORP, INC. | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Title: Vice President | Title: Secretary/Treasurer |
| Dated: 10-22-07 | Dated: 10-22-07 |

| CHASE HOME FINANCE, LLC | SIROTE & PERMUTT, P.C. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Title: Vice President | Title: Shareholder |
| Dated: 10/1/2007 | Dated: 10/3/07 |

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

### CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are employee(s) of Sirote & Permutt, P.C., and are hereby appointed as assistant secretaries and vice presidents of Mortgage Electronic Registration Systems, Inc., and as such, are authorized to:

> Assign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to Chase Home Finance, L.L.C. or its designee.

> Release the lien of any mortgage loan registered on the MERS® System that is shown to be registered to Chase Home Finance, L.L.C. or its designee.

> Execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to Chase Home Finance, L.L.C., including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process.

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the 22 day of october, 2007, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

William C. Hultman, Secretary

### Sirote & Permutt, P.C.

### Mortgage Electronic Registration Systems, Inc.
#### Certifying Officers

Jerry Held

Stephen Collins

Ginny Rutledge

Colleen McCullough