IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAX LEROY REED, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0412-WS-C |
| | ) |
| CHASE HOME FINANCE, LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the defendant's motion to dismiss and alternative motion to amend. (Doc. 13). The parties have filed briefs in support of their respective positions, (Docs. 18, 21), and the motions are ripe for resolution. After carefully considering the foregoing, the Court concludes that both motions are due to be denied.

BACKGROUND

According to the complaint, the plaintiffs executed a real estate mortgage with Pensacola Guarantee Mortgage. (Doc. 2, ¶ 5). The mortgage was executed by the plaintiffs and by Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id*., Exhibit A at 1). Later, servicing of the loan was transferred to the defendant. (Doc. 2, ¶ 5). Later still, "ownership interest in the Plaintiff's [sic] mortgage and note was assigned to Chase," (*id*., ¶ 6; *accord id*., ¶ 11), rendering the defendant a "creditor" for purposes of 15 U.S.C. § 1641(g). (Doc. 2, ¶ 12). The single count of the complaint alleges that the defendant, following this assignment, did not provide the notice required of a "new creditor" by Section 1641(g). (*Id*. at 3). The sole ground of the defendant's motion is that the complaint fails to meet the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2005) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), such that

[1]

the complaint violates Rule 8(a)(2) and should therefore be dismissed under Rule 12(b)(6).  (Doc. 13 at 1-2, 11).

## DISCUSSION

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  Rule 8 establishes a regime of "notice pleading."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002).  It does not, however, eliminate all pleading requirements.

First, the complaint must address the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule.  *Twombly*, 550 U.S. at 555.  There must in addition be a pleading of facts.  Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...."  *Id*.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (internal quotes omitted).  But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and

[2]

that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

Section 1641(g) provides as follows:

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including –
    (A) the identity, address [and] telephone number of the new creditor;
    (B) the date of transfer;
    (C) how to reach an agent or party having authority to act on behalf of the new creditor;
    (D) the location of the place where transfer of ownership of the debt is recorded; and
    (E) any other relevant information regarding the new creditor.

The parties agree that Section 1641(g) imposes notification duties only on a new creditor. The complaint alleges that the defendant is a creditor for purposes of that statute, but the parties agree that the mere assertion the defendant is a creditor does not of itself satisfy the plausibility standard of *Twombly* and *Iqbal*; instead, there must be additional factual material alleged that renders plausible the assertion of creditor status.

The parties agree that, in order to become a new creditor under Section 1641(g), the defendant must have been assigned not merely the mortgage but the underlying debt (here, the note). The complaint explicitly alleges that ownership of the note was assigned to the defendant. The defendant contends that, to satisfy *Twombly* and *Iqbal*, this assertion must itself be supported by factual material rendering the assertion plausible.

The plaintiffs offer no disagreement. Instead, they point to the complaint's description and attachment of the mortgage assignment from MERS to the defendant as furnishing the needed factual support for the proposition that the defendant was assigned ownership of the note. (Doc. 18 at 12).[1] The defendant responds that this exhibit cannot

---

[1] The plaintiffs also point out that the defendant scheduled a foreclosure sale of their property, which they take as evidence that the defendant did, or at least thought it did, have (Continued)

suffice because it addresses only an assignment of the mortgage, not the underlying debt. (Doc. 13 at 7). The plaintiffs reply that, as a matter of Alabama law, assignment of the mortgage automatically carries with it the assignment of the note, absent agreement otherwise. (Doc. 18 at 13). Thus, they conclude, assignment of the mortgage to the defendant renders it plausible that the note also was assigned the defendant.

The defendant does not deny that a legal principle (here, that the note generally follows the mortgage) acting on alleged facts (here, that the mortgage was assigned to the defendant) can render plausible a factual assertion extrapolated therefrom (here, that the note was also assigned to the defendant). Nor does the defendant deny that Alabama in fact recognizes the legal principle relied on by the plaintiffs. Instead, the defendant questions at length and on various grounds whether and how this admitted legal principle should be applied specifically in the servicer context under Section 1641. (Doc. 21 at 3-16). Judging by the defendant's argument, the question has not been resolved directly or by any controlling authority. Application of the principle herein thus remains plausible; consequently, so does the factual allegation, flowing from it, that the defendant was assigned the note. The defendant's argument may (or may not) ultimately furnish grounds for dismissal on a future motion to dismiss asserting the legal bankruptcy of the plaintiffs' claim, but it cannot destroy the plausibility of the complaint's factual allegation that the defendant held ownership interest in the note and was thus a creditor subject to Section 1641(g).

With no accompanying argument or supporting authority, the defendant posits that the plaintiffs, in order to effectively plead a claim under Section 1641(g), must in their complaint plausibly allege that the defendant falls outside the "safe harbor" of Section

---

ownership of the note, given Alabama law to the effect that foreclosure can be undertaken only by one entitled to the money so secured. (Doc. 18 at 3-4, 9-10). Because the complaint makes no mention of a foreclosure sale, the plaintiffs cannot rely on any such history to support the plausibility of their allegation that the defendant obtained ownership of the note.

1641(f)(2), which is applicable to servicers taking assignment of a debt "solely for the administrative convenience of the servicer in servicing the obligation." (Doc. 13 at 8-9). The plaintiff, with an equivalent dearth of authority and explanation, counters that Section 1641(f)(2) creates an affirmative defense, not an element of the offense which they are bound to address in the complaint. (Doc. 18 at 13-14). In its reply, the defendant neither responds to the plaintiff's suggestion nor repairs to its original argument. Instead, it switches tracks, no longer arguing a pleading defect but instead insisting that it in fact falls within the safe harbor. (Doc. 21 at 18-20). The defendant's original position is presented too superficially, and its later position too tardily, to be considered.[2]

As an alternative to dismissal, the defendant moves the Court to require the plaintiffs to amend their complaint "by clarifying whether their key allegation regarding ownership of the Note has a factual basis or merely reflects Plaintiffs' legal theory." (Doc. 13 at 3). The basis of the plaintiffs' allegation has been set forth above and includes the factual allegation that the defendant received ownership of the mortgage and the legal principle that the note follows the mortgage. The supporting factual allegation is already in the complaint. The defendant has not endeavored to establish that *Twombly* and *Iqbal* require the complaint to articulate the legal principles that operate on alleged facts to support the plausibility of other alleged facts, and the Court will neither assume the existence of such a requirement nor develop support for it on the defendant's behalf.

---

[2] "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).

## CONCLUSION

The Court has and expresses no opinion concerning the ultimate viability of the plaintiffs' claim. For the reasons set forth above, the defendant's motion to dismiss and alternative motion to amend are **denied**.

DONE and ORDERED this 18th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE