## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MAX LEROY REED, JR. and<br>ELIZABETH REED, individually<br>and on behalf of all similarly<br>situated individuals, | ) <br> ) <br> ) <br> ) <br> ) | |
|      Plaintiffs, | ) <br> ) | CASE NO. 1:11-cv-00412-WS-C |
| v. | ) <br> ) | |
| CHASE HOME FINANCE LLC, | ) <br> ) | |
|      Defendant. | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST
## REQUESTS FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure 36, Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase") responds to the Requests for Admissions propound by Plaintiffs as follows:

1.    Admit that this Defendant's name is correctly stated in the caption of the complaint.

**RESPONSE:** Denied.  The correct name for Defendant is JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC.

2.    Admit that the putative class described in the complaint is so numerous that joinder of all members is impracticable within the meaning of Rule 23(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE:**  Chase objects to this request on the grounds that the description of the putative class contained in Plaintiffs' Complaint is ambiguous and premised on a pure legal conclusion.  Specifically, Chase maintains that it has complied with and fulfilled the requirements imposed by 15 U.S.C. § 1641(g).  Moreover, any putative class may be restricted to Alabama residents.  Until the Court rules on the questions of law to be presented at the close of Phase I of discovery, Chase can neither admit nor deny this request as presented.

Subject to and without waiving these objections, Chase admits that if a putative nationwide class were based upon Plaintiffs' interpretation of the requirements of 15 U.S.C. § 1641(g), class members would be so numerous that joinder would be impracticable within the meaning of Federal Rule of Civil Procedure 23(a)(1).

3.      Admit that there are questions of law or fact common to the members of the putative class described in the complaint within the meaning of Rule 23(a)(2) of the Federal Rules of Civil Procedure.

**RESPONSE:**  This request goes beyond the scope of Phase I discovery contemplated by the Court's November 18, 2011 Scheduling Order.  Chase denies this request, subject to further discovery and a ruling from the Court on the questions of law to be presented at the close of Phase I of discovery.

4.      Admit that the claims of the named Plaintiffs are typical of the claims of the putative class described in the complaint within the meaning of Rule 23(a)(3) of the Federal

2

Rules of Civil Procedure.

**RESPONSE:**  This request goes beyond the scope of Phase I discovery contemplated by the Court's November 18, 2011 Scheduling Order.  Chase denies this request, subject to further discovery and a ruling from the Court on the questions of law to be presented at the close of Phase I of discovery.

5.     Admit that the named Plaintiffs and counsel will fairly and adequately represent the interests of the putative class and subclass described in the complaint within the meaning of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**RESPONSE:**  Denied with respect to the referenced "subclass."  Chase denies the remainder of this request, subject to further discovery.

6.     Admit that questions of law or fact that are common to members of the putative class described in the complaint predominate over questions affecting only individual members within the meaning of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**RESPONSE:**  This request goes beyond the scope of Phase I discovery contemplated by the Court's November 18, 2011 Scheduling Order.  Chase denies this request, subject to further discovery and a ruling from the Court on the questions of law to be presented at the close of Phase I of discovery.

7.     Admit that a class action is superior to other available methods for the fair and

efficient adjudication of the controversies in this case within the meaning of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**RESPONSE**:  This request goes beyond the scope of Phase I discovery contemplated by the Court's November 18, 2011 Scheduling Order.  Chase denies this request, subject to further discovery and a ruling from the Court on the questions of law to be presented at the close of Phase I of discovery.

8.      Admit that the attached Exhibit "A" is a true and accurate copy of the assignment at issue herein.

**RESPONSE**:  Admitted.

9.      Admit that the assignment conveyed to you legal title to the Plaintiffs' loan.

**RESPONSE**:   Chase objects to this request because it is premised on a pure legal conclusion and, therefore, not proper under Rule 36.

Subject to and without waiving this objection, Chase admits that it was assigned the interest of Mortgage Electronic Registration System, Inc. ("MERS") in the Reeds' mortgage based on MERS' role as mortgagee in a nominee capacity for the lender and the lender's successors and assigns.  Chase denies that MERS' assignment conveyed any title, legal or otherwise, to the Plaintiffs' "loan" or note.

10.      Admit that the Plaintiffs' mortgage loan was assigned to you.

**RESPONSE:** Chase admits that MERS executed an Assignment of Mortgage to Chase on September 7, 2010, and that this document, attached as Exhibit A, speaks for itself. Chase denies the remainder of this request regarding the Plaintiffs' "mortgage loan" or note.

     11.    Admit that you are a "covered person" as that term is used in 12 C.F.R. § 226.39(a)(1).

**RESPONSE:** Chase objects to this request because it is premised on a pure legal conclusion and, therefore, not proper under Rule 36.

     Subject to and without waiving this objection, Chase denies this request based on Chase's role as servicer for Fannie Mae, the owner of the Reeds' loan.

     12.    Admit that you did not send Plaintiffs the disclosure required by 12 C.F.R. § 226.39(b).

**RESPONSE:** Denied that any disclosure was required from Chase to the Reeds under 12 C.F.R. § 226.39(b). For this reason, Chase did not send a § 1641(g) notice to the Plaintiffs.

     13.    Admit that Exhibit "B" is a true and accurate copy of your foreclosure notice related to the Plaintiffs' property at issue herein.

**RESPONSE:** Admitted that the substance of Exhibit B (attached) is a true and accurate copy of the published foreclosure notice.

14. Admit that putative class members whose claims are asserted in this case number over 100.

**RESPONSE:** Chase objects to this request because it is duplicative of Request No. 2 and, given Chase's response thereto, repetitive and unduly burdensome based on the time and cost required for Chase to respond at this point in the litigation. *See* Chase's Response to Request No. 2.

15. Admit that putative class members whose claims are asserted in this case number over 1000.

**RESPONSE:** Chase objects to this request because it is duplicative of Request No. 2 and, given Chase's response thereto, repetitive and unduly burdensome based on the time and cost required for Chase to respond at this point in the litigation. *See* Chase's Response to Request No. 2.

16. Admit that putative class members whose claims are asserted in this case number over 10,000.

**RESPONSE:** Chase objects to this request because it is duplicative of Request No. 2 and, given Chase's response thereto, repetitive and unduly burdensome based on the time and cost required for Chase to respond at this point in the litigation. *See* Chase's Response to Request No. 2.

17.     Admit that putative class members whose claims are asserted in this case number over 100,000.

**RESPONSE:**  Chase objects to this request because it is duplicative of Request No. 2 and, given Chase's response thereto, repetitive and unduly burdensome based on the time and cost required for Chase to respond at this point in the litigation.  *See* Chase's Response to Request No. 2.

/s/ Helen Kathryn Downs
Helen Kathryn Downs
Alan D. Mathis
Daniel J. Martin

One of the Attorneys for Defendant
JPMorgan Chase Bank, N.A., successor
by merger to Chase Home Finance LLC

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL  35209
Telephone:     (205) 458-9495
Facsimile:     (205) 458-9500
Email:         hkd@johnstonbarton.com
               adm@johnstonbarton.com
               djm@johnstonbarton.com

**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of January, 2012, the foregoing was served by electronic mail and Federal Express on the following counsel of record:

Kenneth J. Riemer, Esq.
Earl P. Underwood, Jr., Esq.
Underwood & Riemer, P.C.
166 Government Street
Suite 100
Mobile, AL 36602

and also served by Federal Express for Saturday delivery at the request of plaintiffs' counsel on the following:

Earl P. Underwood, Jr., Esq.
510 McAdams Avenue
Daphne, AL 36526

/s/ Helen Kathryn Downs
Of Counsel

W0822804.2

# EXHIBIT A

Exhibit A

Sirote #: 183301

BALDWIN COUNTY, ALABAMA
TIM RUSSELL PROBATE JUDGE
Filed/cert. 9/14/2010 8:25 AM
TOTAL        $   29.50
6 Pages

1250634

STATE OF ALABAMA                    )

COUNTY OF BALDWIN                   )

### ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto CHASE HOME FINANCE, LLC (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by MAX LEROY REED, JR. AND ELIZABETH T. REED, HUSBAND AND WIFE, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR PENSACOLA GUARANTEE MORTGAGE dated the 13th day of November 2006, and filed for record in Instrument Number 1015807, in the Probate Office of Baldwin County, Alabama.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. has caused this conveyance to be executed by Colleen McCullough, as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., pursuant to that certain Agreement for signing attached hereto as Exhibit A and fully incorporated herein. This Assignment executed on this the ___ day of _____, 2010.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Colleen McCullough
Assistant Secretary and Vice President of
Mortgage Electronic Registration Systems, Inc.

STATE OF ALABAMA                    )

COUNTY OF JEFFERSON                 )

I, _____ a Notary Public in and for said County in said State, hereby certify that Colleen McCullough, whose name as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she, as such officer, and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the ___ day of _____, 2010.

_____
Notary Public

My Commission Expires: _____ MY COMMISSION EXPIRES JUNE 18, 2014

This instrument prepared by:
Colleen McCullough
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255






**Sirote & Permutt, P.C.**

**Mortgage Electronic Registration Systems, Inc.**
**Certifying Officers**

Jerry Held

Stephen Collins

Ginny Rutledge

Colleen McCullough

## AGREEMENT FOR SIGNING AUTHORITY

**MERSCORP, INC.** ("MERS") and its subsidiary, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE, LLC** ("MEMBER") and **SIROTE & PERMUTT, P.C.** ("VENDOR") hereby agree as follows:

1. The purpose of this agreement for signing authority (the "Agreement") is to define the rights and obligations of the parties when Vendor performs certain duties, as described in the attached corporate resolution (the "Resolution"), relating to mortgage loans that are registered on the MERS® System and shown on the MERS® System to be serviced by Member.

2. CHASE HOME FINANCE, LLC is a member of MERS, and has signed an agreement of membership that is incorporated herein by reference. Member has entered into a separate contract with Vendor to perform certain services for Member. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust, respectively, and any other form of security instrument under applicable state law.

3. The parties acknowledge that Mortgage Electronic Registration Systems, Inc. may be the mortgagee of record on Member's mortgages. Therefore, in order for Vendor to perform its contractual duties to Member, MERS, by corporate resolution, will grant employees of Vendor the limited authority to act on behalf of MERS to perform certain duties. Such authority is set forth in the Resolution , which is made a part of this Agreement.

4. The parties agree that Member will provide all necessary information and instructions to Vendor to perform certain duties where Mortgage Electronic Registration Systems, Inc. acts as the mortgagee of record. All parties agree that MERS and Mortgage Electronic Registration Systems, Inc. are not responsible for the accuracy of any information provided by Member to Vendor, or any information entered into the MERS® System by or on behalf of Member. Any problems regarding the information or instructions between Member and Vendor must be resolved between those two parties.

5. Member and Vendor agree to indemnify and hold harmless MERS, Mortgage Electronic Registration Systems, Inc. and any employee, director, officer, agent or affiliate of MERS or Mortgage Electronic Registration Systems, Inc. ("MERS Party") from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses that result from the negligence, errors and omissions, breach of confidentiality or willful misconduct of Vendor in performing certain duties where Mortgage Electronic Registration Systems, Inc. is the mortgagee of record.

6. Vendor shall maintain appropriate insurance coverage that shall include coverage for any negligence, errors and omissions or willful misconduct of all employees authorized to sign as officers of Mortgage Electronic Registration Systems, Inc.

7. Upon termination of the contract between Member and Vender, this agreement shall concurrently terminate and the corporate resolution shall be revoked at such time.

8. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

The parties have executed this Agreement intending to be bound as of the dates indicated below.

MERSCORP, INC.

By: _____

Title: Vice President

Dated: __10-22-07__

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____

Title: Secretary/Treasurer

Dated: __10-22-07__

CHASE HOME FINANCE, LLC

By: _____

Title: Vice President

Dated: __10/1/2007__

SIROTE & PERMUTT, P.C.

By: _____

Title: Shareholder

Dated: 10/3/07

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**CORPORATE RESOLUTION**

Be it Resolved that the attached list of candidates are employee(s) of Sirote & Permutt, P.C., and are hereby appointed as assistant secretaries and vice presidents of Mortgage Electronic Registration Systems, Inc., and as such, are authorized to:

Assign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to Chase Home Finance, L.L.C. or its designee.

Release the lien of any mortgage loan registered on the MERS® System that is shown to be registered to Chase Home Finance, L.L.C. or its designee.

Execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to Chase Home Finance, L.L.C., including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process.

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the 22 day of october, 2007, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

William C. Hultman, Secretary

# EXHIBIT B

Exhibit B

**PUBLICATION DATES:** September 10, 2010, September 17, 2010 and September 24, 2010

**NEWSPAPER:** The The Onlooker

## MORTGAGE FORECLOSURE SALE

Default having been made in the payment of the indebtedness secured by that certain mortgage executed by Max Leroy Reed, Jr. and Elizabeth T. Reed, husband and wife, to Mortgage Electronic Registration Systems, Inc., solely as nominee for Pensacola Guarantee Mortgage, on the 13th day of November, 2006, said mortgage recorded in the Office of the Judge of Probate of Baldwin County, Alabama, in Instrument No. 1015807; said mortgage having subsequently been transferred and assigned to Chase Home Finance, LLC; the undersigned Chase Home Finance, LLC, as Mortgagee/Transferee, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash, in front of the main entrance of the Courthouse at Bay Minette, Baldwin County, Alabama, on October 8, 2010, during the legal hours of sale, all of its right, title, and interest in and to the following described real estate, situated in Baldwin County, Alabama, to-wit:

> Parcel I: Commencing at the Southeast corner of Lot 3, of the Weeks Bay View Subdivision as recorded on Slide 1230-A, Judge of Probate's Office, Baldwin County, Alabama run North 67 Degrees 35 Minutes 13 Seconds East, along Weeks Bay Road, 28.73 feet to an iron pin for the point of beginning; thence continue North 67 Degrees 35 Minutes 13 Seconds East, 29.19 feet to an iron pin; thence run North 51 Degrees 02 Minutes 44 Seconds West, 512.89 feet to an iron pin; thence run North 54 Degrees 27 Minutes 45 Seconds West, 536 feet to the margin of Weeks Bay; thence run Southwesterly along said margin 45 feet more or less; thence run South 55 Degrees 47 Minutes 43 Seconds East, 529 feet, more or less to an iron pin; thence run South 51 Degrees 43 Minutes 44 Seconds East, 501.94 feet to the point of beginning. Said parcel of land being a part of lot 3B, a resubdivision of Lot 3, Weeks Bay View Subdivision according to plat recorded on Slide 1767-B, Probate Court Records of Baldwin County, Alabama. Subject to a 10 foot utility easement over the property thereof.

Parcel II: Commencing at the Southeast corner of Lot 3, of Weeks Bay View Subdivision, as recorded on Slide 1230-A, Judge of Probate Office, Baldwin County, Alabama, run North 67 Degrees 35 Minutes 13 Seconds East, along the right of way line of Weeks Bay Road, a distance of 57.92 feet to the point of beginning; thence run North 51 Degrees 02 Minutes 44 Seconds West, a distance of 512.89 feet to an iron pin; thence run North 54 Degrees 27 Minutes 45 Seconds West, a distance of 536 feet, more or less, to the margin of Weeks Bay; thence run Northeasterly along the margin of Weeks Bay, a distance of 80 feet, more or less; thence run South 51 Degrees 56 Minutes 27 Seconds East, a distance of 550 feet, more or less, to an iron pin; thence run South 49 Degrees 51 Minutes 25 Seconds East, a distance of 532.35 feet to an iron pin lying on the right of way line of Weeks Bay Road; thence run South 67 Degrees 35 Minutes 13 Seconds West, a distance of 51.5 feet to the point of beginning. Said parcel of land is subject to a ten foot easement, across the property thereof.

Property Street Address:        10891 Weeks Bay Rd, Foley, AL 36535

THIS PROPERTY WILL BE SOLD ON AN "AS IS, WHERE IS" BASIS, SUBJECT TO ANY EASEMENTS, ENCUMBRANCES, AND EXCEPTIONS REFLECTED IN THE MORTGAGE AND THOSE CONTAINED IN THE RECORDS OF THE OFFICE OF THE JUDGE OF PROBATE OF THE COUNTY WHERE THE ABOVE-DESCRIBED PROPERTY IS SITUATED. THIS PROPERTY WILL BE SOLD WITHOUT WARRANTY OR RECOURSE, EXPRESSED OR IMPLIED AS TO TITLE, USE AND/OR ENJOYMENT AND WILL BE SOLD SUBJECT TO THE RIGHT OF REDEMPTION OF ALL PARTIES ENTITLED THERETO.

This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure.

The Mortgagee/Transferee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate.

This sale is subject to postponement or cancellation.

Chase Home Finance, LLC, Mortgagee/Transferee
Colleen McCullough
SIROTE & PERMUTT, P.C.
P. O. Box 55727
Birmingham, AL 35255-5727
Attorney for Mortgagee/Transferee
www.sirote.com/foreclosures
183301