IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAX LEROY REED, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0412-WS-C |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Prior to filing its motion for summary judgment, the defendant filed a motion for leave to file under seal and electronically "certain documents in support of" its dispositive motion. (Doc. 50). The Court granted the motion, "subject to the Court's review of the documents upon filing." (Doc. 52).

The defendant has now filed the documents under seal. Approximately 450 pages of exhibits – one hundred percent of the defendant's evidentiary submission in support of its motion for summary judgment – have been so filed. It appears from the Court's brief review that many of these documents do not fall within the protective order entered on the parties' joint motion after the close of discovery. (Docs. 40, 41).[1] Of the documents marked "confidential," some appear not to "reflect confidential, proprietary information about Chase's internal systems and operations," which is the stated justification for their filing under seal. (Doc. 50 at 2). Most of the documents containing personal identifying information relate to the plaintiffs, and the defendant has not shown that these

---

[1] For example, many exhibit pages are not marked "confidential," and the Court finds no indication that any of the deposition pages have been so marked.

[1]

documents, or the relatively few documents concerning other borrowers, could not be redacted to hide such information without placing the entire document under seal.[2]

The public has constitutional and common-law rights of access to materials filed in a federal lawsuit.  *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001) (discussing these rights and their parameters). Moreover, "[e]very court has supervisory power over its own records and files ...." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Thus, the Court has authority to review sua sponte the propriety of a filing under seal.  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2nd Cir. 2004); *see also Prescient Acquisition Group, Inc. v. MJ Publishing Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007 ) (raising sua sponte the propriety of filing documents under seal); *Meridian Project Systems, Inc. v. Hardin Construction Co.*, 426 F. Supp. 2d 1101, 1103 n.2 (E.D. Cal. 2006) (same); *Zurich American Insurance Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 499 (E.D. Pa. 2004) (addressing sua sponte whether file should remain sealed);  *cf. In re:  Alexander Grant & Co. Litigation*, 820 F.2d 352, 357 (11th Cir. 1987) ("Efficiency should never be allowed to deny public access to court files or material of record unless there has been an appropriate predicate established.").  The Court concludes that the defendant has not demonstrated the propriety of filing its evidentiary submission under seal.

Accordingly, the defendant is **ordered** to file and serve, on or before **March 12, 2012**, a fully briefed, legally and factually supported justification for filing its evidentiary submission, and each portion thereof, under seal.

DONE and ORDERED this 27th day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The defendant states that the instances of such identifiers "are so numerous that it would be problematic to redact," (Doc. 50 at 2), but it has not explained why otherwise public documents should be sealed in order to spare it this expense.