IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAX LEROY REED, JR. and ELIZABETH REED, individually and on behalf of all similarly situated individuals, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v.   ) | CASE NO. 1:11-cv-00412-WS-C |
| ) CHASE HOME FINANCE LLC,  ) ) | |
| Defendant.   ) | |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase") respectfully submits *Jacobsen v. Aurora Loan Servs., LLC*, 2012 U.S. Dist. LEXIS 111503 (N.D. Cal Aug. 8, 2012), and select publicly filed briefing and evidence therein, as additional authority in support of Chase's Motion for Summary Judgment.

In *Jacobsen,* the plaintiff defaulted on his residential mortgage loan in 2010. *Id*. at *5 (attached as Ex. A). After this default, MERS assigned its interest in the deed of trust (California's version of the mortgage security instrument) to Aurora Loan Services ("Aurora"), which serviced the loan. *Id.*; *see also* Ex. B at 2; Ex. C

¶ 9. Following a non-judicial foreclosure sale, in which Aurora submitted the winning cash bid and was issued a trustee's deed for the property, the plaintiff challenged the validity of the foreclosure. *Id.* at *6. The plaintiff later amended his complaint to add a general claim for a TILA violation against Aurora and MERS, which derived from 15 U.S.C. § 1641(g). *Id.* at *13.

The trial court granted summary judgment for servicer Aurora on the plaintiff's § 1641(g) claim because Aurora merely serviced the plaintiff's mortgage loan. The court held that the servicer never became an owner of the loan, by virtue of a pre-foreclosure assignment of MERS' interest to Aurora or otherwise. *Id.* at *5, 13. Citing the "administrative convenience" safe harbor in the applicable regulations—12 CFR § 226.39(a)(1)—the court held that "no duty to notify under § 1641(g) was triggered." *Id.* at *13-14.

Based on the evidence and briefing filed with the court, other parallels between *Jacobsen* and the present case include:

- The servicer's records established that since 2007, the plaintiff's mortgage loan had been owned by U.S. Bank, as Trustee for GreenPoint Mortgage Funding Trust, Series 2007-AR1 (the "Trust"). Ex. B at 5-6; Ex. C ¶ 15.

- As servicer, Aurora was responsible for initiating foreclosure proceedings following default and providing the required notices pursuant to the promissory note and deed of trust. Ex. C ¶ 14.

- MERS held legal title to the deed of trust and a beneficial interest in the security instrument as nominee for the lender. Ex. C ¶ 9.

- Prior to foreclosure, MERS assigned its interest to servicer Aurora. 2012 U.S. Dist. LEXIS 111503 *5; Ex. C ¶ 10.

- Aurora's records reflected that it did not own the loan prior to foreclosure; rather, Aurora serviced the loan. Ex. B at 5-6; Ex. C ¶¶ 14-15.

- Plaintiff objected to Aurora's computer records, which reflected the respective roles of Aurora (servicer) and the Trust (loan owner), as unauthenticated hearsay. Ex. D at 20-21. The plaintiff also challenged an affidavit from Aurora's legal liaison, which was based on her review of Aurora's business records, as inadmissible and not based on personal knowledge. *Id.* at 17-20. The court implicitly rejected these arguments to reach its holding.

*Jacobsen v. Aurora Loan Services, LLC,* and other authority cited in Chase's summary judgment submissions, provide that a servicer is not converted to a loan owner for purposes of § 1641(g) by virtue of being assigned MERS' interest in a mortgage security instrument. Chase submits this persuasive authority for the Court's consideration in support of the defendant's pending Motion for Summary Judgment.

Respectfully submitted this the 21st day of August, 2012.

*/s/Helen Kathryn Downs*
Helen Kathryn Downs (DOWNH8460)
Alan D. Mathis (MATHA8922)
Don B. Long, III (LONGD3876)

Attorneys for Defendant
JPMorgan Chase Bank, N.A., successor
by merger to Chase Home Finance LLC

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL  35209
Telephone:   (205) 458-9400
Facsimile:   (205) 458-9500
Email:       hkd@johnstonbarton.com
             adm@johnstonbarton.com
             dbl3@johnstonbarton.com

    **OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st of August, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

    Kenneth J. Riemer, Esq.
    Earl P. Underwood, Jr., Esq.
    Underwood & Riemer, P.C.
    166 Government Street
    Suite 100
    Mobile, AL  36602


    */s/Helen Kathryn Downs*
    Of Counsel