IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MAX LEROY REED, JR., et al.,      )
                                )

     Plaintiffs,            )
                                )

v.                        )     CIVIL ACTION 11-0412-WS-C
                                )

CHASE HOME FINANCE, LLC,     )
                                )

     Defendant.           )

**ORDER**

Prior to filing its motion for summary judgment, the defendant filed a motion for leave to file, under seal and electronically, "certain documents in support of" its motion for summary judgment. (Doc. 50). The Court granted the motion, "subject to the Court's review of the documents upon filing." (Doc. 52).

Rather than filing "certain documents" under seal, the defendant filed the entirety of its exhibits – approximately 415 pages worth – under seal. (Doc. 59). The Court questioned this practice, noted the inclusion in the defendant's sealed filing of many documents not apparently deserving of such treatment, and ordered the defendant to file a supplemental brief supporting its position.[1] The defendant has done so, (Doc. 66), the

---

[1] "Every court has supervisory power over its own records and files ...." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978). Thus, the Court has authority to review sua sponte the propriety of a filing under seal. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2nd Cir. 2004); *see also Prescient Acquisition Group, Inc. v. MJ Publishing Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007 ) (raising sua sponte the propriety of filing documents under seal); *Meridian Project Systems, Inc. v. Hardin Construction Co.*, 426 F. Supp. 2d 1101, 1103 n.2 (E.D. Cal. 2006) (same); *Zurich American Insurance Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 499 (E.D. Pa. 2004) (addressing sua sponte whether file should remain sealed); *cf. In re: Alexander Grant & Co. Litigation*, 820 F.2d 352, 357 (11th Cir. 1987) ("Efficiency should never be allowed to deny public access to court files or material of record unless there has been an appropriate predicate established.").

plaintiffs have filed a response in opposition, (Doc. 77), and the issue of whether to maintain the documents under seal is ripe for resolution.

The defendant has helpfully included a chart showing its position on sealing separately as to each exhibit. (Doc. 66 at 6-9). By the Court's count, the defendant concedes that 19 exhibits containing 242 pages should be completely unsealed. As to two other exhibits, it proposes unsealing 49 pages out of 55. With respect to four other exhibits covering 17 pages, it proposes unsealing with "minor redaction." It wishes the final 26 exhibits, containing 101 pages, to remain sealed.

The initial question is why the defendant submitted 415 pages under seal when it actually desires that only 107 pages be sealed. The defendant asserts it had no choice, that the District's procedures allow it only to file all exhibits under seal or no exhibits under seal. (Doc. 66 at 3). It is true enough that the CM/ECF format does not allow a single filing to be split between sealed and unsealed components, but nothing in the District's procedures prohibits or discourages a party from submitting sealed exhibits in one filing and unsealed exhibits in another.

The public has constitutional and common-law rights of access to materials filed in a federal lawsuit. *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001) (discussing these rights and their parameters). "This right of access is not absolute [and] may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *accord Chicago Tribune*, 263 F.3d at 1310. The defendant recognizes this standard as applicable here. (Doc. 66 at 5).

The defendant identifies the sensitive information embedded in the 101 pages as consisting of: (1) the plaintiffs' personally identifiable financial information, especially "account or loan numbers and financial information relating to the Reeds' mortgage loan and payments"; (2) Fannie Mae's loan number and certain other information; and (3) the defendant's confidential pricing information and related terms of its agreement with Fannie Mae regarding loan servicing. The defendant invokes several sources in support

[2]

of its argument that these pages should remain sealed:  (1) as to documents implicating the plaintiffs' privacy concerns, the Gramm-Leach-Bliley Act ("GLB"), 15 U.S.C. §§ 6801 et seq.; (2) as to documents implicating Fannie Mae's privacy concerns, the defendant's agreement with Fannie Mae to maintain confidentiality; and (3) with respect to the defendant's own privacy concerns, its internal policy.

In evaluating the existence of good cause for maintaining documents under seal, the Court is to consider "the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.  The Court's review of the exhibits at issue reveals that most of the defendant's concerns may be adequately addressed by the submission of an unsealed version of the document redacted to conceal whatever sensitive information is contained therein.  *See Vision Bank v. Horizon Holdings USA, LLC*, 2011 WL 4478772 at *5 n.11 (S.D. Ala. 2011) ("If the privileged information that might have justified the filing of the invoices under seal has been redacted, then there is no discernable need for sealing those exhibits, particularly given the vital importance of the public's right of access to judicial proceedings.").

The defendant posits, without offering discernible support, that the plaintiffs' personal protected information "permeate[s]" the documents, causing redaction to be "too troublesome."  (Doc. 66 at 13, 16 n.6).  The Court's review of the documents satisfies it that most require only modest redaction of loan numbers, mortgage payments and the like.[2]  The defendant has failed to establish that any actual, significant inconvenience flowing from a redaction requirement provides good cause for keeping the documents under seal.

---

[2] The ease of making such redactions is reflected in a redacted exhibit attached to the defendant's supplemental brief.  (Doc. 66, Exhibit BB).  Oddly, the defendant insists on keeping its Exhibit 2(D) under seal, even though it is the same document as Exhibit BB, which was not filed under seal.  Moreover, the defendant has already redacted several exhibits filed under seal, (Doc. 59, Exhibits 3(E), 4(B), 4(C), 4(D), 4(I)), and it offers to redact several others.  (Doc. 66 at 6-8).

The defendant similarly objects that submitting a redacted version as envisioned by Rule 5.2(f) would be "too … expensive" and would entail "remarkable expense." (Doc. 66 at 16 n.6, 19 n.8). The expense of redacting approximately 100 pages can scarcely be "remarkable" but, if it is, that is a cost the defendant elected to bear by submitting the documents for judicial review.

The defendant next asserts that redaction is infeasible because the redacted information is also the probative information. (Doc. 66 at 15, 18). This is a non sequitur. The defendant has already submitted the unredacted exhibits to the Court under seal, so the Court has had full opportunity to glean any probative value from them. It is immaterial whether, from the redacted version of the documents, the public will be persuaded by their diminished probative force to accept the defendant's view of the case.

It is especially curious that the defendant would resist filing unsealed, redacted copies, since the protective order which the Magistrate Judge entered on the parties' joint motion expressly contemplates the redaction of information subject to GLB. (Doc. 41 at 5, ¶9). The plaintiffs urge that redacted versions of these documents be filed in lieu of sealing, and that approach is consonant with both law and the parties' agreement.[3]

The only information the defendant identifies as implicating its own privacy interests is information concerning its servicing fee and its pricing in bidding for servicing rights. Very minor redactions would hide the various references to the servicing fee, although the single page of pricing information, (Doc. 59, Exhibit 4(E)), requires sealing in toto.

The exact parameters of the privacy interest the defendant claims on Fannie Mae's behalf remain unclear, but they certainly appear to be broader than can be easily

___

[3] The defendant's discussion of GLB does not indicate that redaction is an inadequate remedy under that statute, and it affirmatively acknowledges that a court order for redaction would "trigger the judicial-process exception" to the Act. (Doc. 66 at 13). *See also Chao v. Community Trust Co.*, 474 F.3d 75, 87 n.6 (3rd Cir. 2007) (if personal information is redacted before production, GLB is no longer implicated).

[4]

encompassed within the "good cause" test.  For example, the defendant asserts that the original promissory note, as well as the monthly invoices the defendant sent the plaintiffs, must remain sealed based on Fannie Mae's privacy interests.  (Doc. 66 at 14).  To support this supposed privacy interest, the defendant apparently relies on nothing more than Fannie Mae's asserted ownership of these documents and its insistence that the defendant (to whom Fannie Mae entrusted the note and from whom the invoices are issued) maintain their confidentiality.  The documents submitted by the defendant along with its supplemental brief may reflect Fannie Mae's ownership of these documents, but they do not purport to require the defendant to keep confidential any document Fannie Mae happens to own.  Instead, they caution the defendant to take appropriate steps to ensure the confidentiality of any "confidential information" the defendant obtains about borrowers and security properties, without identifying what is considered to be confidential.  (Doc. 66, Exhibits 1-2 to Exhibit CC).

Even could it be concluded that the defendant has shown an agreement between itself and Fannie Mae to keep these or other documents confidential, such an agreement would not of itself establish good cause to keep the material sealed.  The test "requires balancing the asserted right of access against the other party's interest in keeping the information confidential," *Romero*, 480 F.3d at 1246 (internal quotes omitted), and a confidentiality interest based on nothing more than a side agreement, with no further showing that the documents are in fact deserving of protection, cannot weigh decisively in favor of sealing.  *See id*. (what must be considered is harm to "*legitimate* privacy interests") (emphasis added); *see also Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC*, 2011 WL 5357843 at *1 (M.D. Fla. 2011) ("As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential, because the public has a common-law right to inspect

[5]

and copy judicial records and public documents.") (internal quotes omitted).[4]  To the uncertain extent the defendant suggests that its agreement with Fannie Mae precludes redaction, (Doc. 55 at 15 n.5), the Court rejects the proposition for the same reasons.

The defendant reports that, had the Court not raised the issue of sealing sua sponte, it would have filed a motion to maintain certain documents under seal.  (Doc. 66 at 3-4).  Accordingly, the Court so construes the defendant's supplemental brief.  For the reasons set forth above, the motion is **granted** with respect to Exhibit 4(E) and **denied** with respect to all other exhibits, including deposition excerpts and declarations.

The defendant is **ordered** to file and serve, on or before **October 10, 2012**, an unsealed version of all exhibits (other than 4(E)) which it submitted in support of its motion for summary judgment.  As to those exhibits appearing in column 3 of the defendant's chart, the defendant is to file and serve the exhibits unredacted.  As to those exhibits appearing in columns 2 and 4 of the defendant's chart, the defendant is to file and serve the exhibits with only such redaction as is necessary to conceal the truly private information, such as servicing fees and information covered by GLB.[5]

DONE and ORDERED this 26th day of September, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The defendant presumably is aware of this principle, since the protective order it submitted acknowledges that "[t]his Court has the ultimate authority to determine whether information or material should be designated as 'confidential' notwithstanding a party's decision to so designate the information or material."  (Doc. 41 at 6, ¶13; *accord id*. ¶ 14).

[5] The Court has by contemporaneous order granted the defendant's motion for summary judgment.  However, no final judgment will be entered until the Court is satisfied that the defendant has filed a fresh set of exhibits that complies with this order and does not continue to conceal information undeserving of such treatment.

The defendant is **ordered** to retrieve from chambers the courtesy copy of its exhibits on or before **October 10, 2012**, so that it may dispose of the copy as it sees fit.  Final judgment will not be entered before this retrieval is accomplished.